SUPREME JUDICIAL COURT 
 
 KYLE CULOTTA vs. COMMONWEALTH

 
 Docket:
 SJC-13836
 
 
 Dates:
 December 12, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Pretrial Detention. Firearms. Moot Question.
 
 

       The petitioner, Kyle Culotta, appeals from
a judgment of a single justice of this court denying his petition pursuant to
G. L. c. 211, § 3. 
Culotta has been charged in a complaint with numerous counts of, among
other things, possession of a firearm without a license, in violation of
G. L. c. 269, § 10 (a), and possession of a loaded firearm
without a license, in violation of G. L. c. 269, § 10 (n).  A judge in the District Court ordered that
Culotta be detained pending trial on the basis of dangerousness pursuant to
G. L. c. 276, § 58A. 
Culotta sought review of the detention decision in the Superior Court,
where a judge similarly ordered that Culotta be detained pending trial pursuant
to § 58A.  Culotta thereafter filed
his G. L. c. 211, § 3, petition in the county court.  
      In the petition, Culotta argued not only
that the Superior Court judge erred in concluding that he should be detained
pursuant to § 58A, but that the underlying charges pursuant to G. L.
c. 269, § 10 (a), are not a proper predicate offense for purposes of
that finding.  As to the latter point, he
essentially asked the court to reconsider its decision in Vega v. Commonwealth,
490 Mass. 226 (2022), where the court concluded that unlicensed possession of a
firearm, in violation of G. L. c. 269, § 10 (a), "is a
constitutional predicate offense under G. L. c. 276,
§ 58A."  Id. at 241.  Reconsideration of that issue is necessary,
in Culotta's view, in light of the United States Supreme Court's decisions in
New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), and United
States v. Rahimi, 602 U.S. 680 (2024). 
The single justice denied the petition on the basis that the Superior
Court judge did not abuse her discretion or commit an error of law in ordering
Culotta's pretrial detention pursuant to G. L. c. 276, § 58A.
      The case is now before us pursuant to
S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing
that "review of the trial court decision cannot adequately be obtained on
appeal from any final adverse judgment in the trial court or by other available
means."  S.J.C. Rule 2:21 (2).  
      After Culotta's appeal was entered in the
full court, he was released on bail.  His
appeal is therefore moot.  Although
Culotta acknowledges that, as to the issue of his own detention, the appeal is
moot, he argues that the court should nonetheless consider the issue whether
G. L. c. 269, § 10 (a), is a constitutional predicate
offense under G. L. c. 276, § 58A.[1]  He argues that the issue is capable of
repetition yet evading review, and that, mootness notwithstanding, the court
should therefore consider it.  See
Lockhart v. Attorney Gen., 390 Mass. 780, 783 (1984).  We disagree. 
A defendant being detained pretrial pursuant to G. L. c. 276,
§ 58A, will not necessarily be released before review of the issue, as
happened here.  Indeed, in Vega itself
the defendants remained in pretrial detention throughout the course of their
appeal, i.e., the issue did not become moot before it could be decided.  See Vega, 490 Mass. at 229, 230.  We therefore "decline to exercise our
discretion to consider the merits of a moot claim in the circumstances of this
case."  Cook v. Commonwealth,
463 Mass. 1014, 1014 (2012).
Appeal dismissed.
      The case was submitted on the papers
filed, accompanied by a memorandum of law.
      Daniel Hagan, Daniel D. Kelly, & Kyle
J. DeSousa for the petitioner.

 footnotes

[1] Culotta's
motion to amend his rule 2:21 memorandum to address mootness is allowed.